Argued May 7, affirmed as modified June 20, 1962

# SWEET ET AL v. STEWART LIVESTOCK COMPANY ET AL

372 P. 2d 499

*Thomas H. Tongue,* Portland, argued the cause for appellants. With him on the briefs were Edwin D. Hicks and Hicks, Davis, Tongue & Dale, Portland.

*Owen M. Panner,* Bend, and *Roy Kilpatrick,* Canyon City, argued the cause for respondents. With them on the brief were McKay, Panner & Johnson and Ronald L. Marceau, Bend.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

Plaintiffs prevailed in this action for fraud alleged to have occurred in the sale of a large cattle ranch in Grant county. Plaintiffs, the buyers, alleged several misrepresentations made to them by defendant Stewart. The latter was the alter ego of the corporate defendant, Stewart Livestock Company. The active plaintiff in the negotiations and sale was plaintiff Sweet. We will, therefore, refer to plaintiff and defendant in the singular. Defendant appeals.

The issues presented are entirely factual. The case was tried to the court without a jury. The court's findings of fact carry the same weight here as a jury verdict. We are only to determine if there are facts to sustain the trial court's findings. There was only one alleged misrepresentation which the trial court found was proved by the evidence. We agree. Consequently, we consider it unnecessary to review facts immaterial to our decision.

The ranch in question contained about 21,000 acres of deeded lands and about 18,000 acres of leased Taylor grazing lands. Most of this acreage was arid or semi-

arid land. The sale also involved about 2,000 head of cattle and certain equipment and improvements. As a part of the sale, plaintiff also purchased an option to buy the timber located on the ranch. The trial court found that the option was bought because of misrepresentation as to the amount of timber. We do not agree with this finding; our reasons will be mentioned later.

The alleged misrepresentation which the court sustained and awarded damages accordingly was this: "That there was upon said ranch, 1,000 acres of irrigated meadow land." In fact, defendant acknowledges that the representation was made. For his defense he claimed that the representation was, in fact, true; or, if not true, that it was not made carelessly or with knowledge of its falseness; or, that plaintiff had ample opportunity to inspect the property before he bought and had no right to rely on the representation even if it were false.

Plaintiff presented evidence to show that "1,000 acres of irrigated meadow land" meant 1,000 acres of land irrigated by artificial means and from which hay could be taken. Defendant attempted to show that he meant not only land from which hay could be taken but other meadows watered by sub-irrigation, such as high mountain meadows, that produced especially heavy forage and grass but which was not necessarily suitable for harvest as hay. Plaintiff testified that defendant had told him that the ranch contained a "thousand acres in hay land." Defendant testified to a different statement. The conflict alone required determination by the trier of fact.

The trial court also found that the hay land was contained in more than 30 separate tracts, widely

scattered and of irregular shape. Accordingly, the trial court found that plaintiff had a right to rely, without having the land surveyed, on the word of defendant who had operated the ranch for more than forty years. The trial court found that there was a shortage of 410 acres of irrigated hay land. However, the court did not make an actual finding that defendant knew that he possessed less than 600 acres of hay land instead of the 1,000 acres as we must accept the representation to have been.

■ Consequently, the matter of scienter presents the most difficult question in the case. The trial court's general finding in favor of plaintiff compels us to assume that the court found knowledge on the part of defendant to have been present. The evidence is convincing to us, as it must have been to the trial court, that defendant could not have overestimated the amount of land devoted to that purpose by 400 acres in complete innocence.

It would be difficult to find a case in which the credibility to be given to the testimony of each of the witnesses was so fully explored as in this one. Cross-examination and impeaching testimony exposed nearly every witness to a showing of bias, or contradictory and conflicting statements, or questionable opinions of expert witnesses or self-interest. The trial produced conflicting evidence in respect to each material issue. The trier of fact could have determined that the testimony of some of the witnesses could have been wholly ignored, or partially accepted or maybe fully believed. Decisions on these problems are beyond us. We can only say that the whole of the evidence presented questions that only the trier of fact could resolve. If this case had been decided by a jury, upon proper instructions, we would be bound by the judgment of

the jury. We are no less bound when the trier of fact was the judge. We must, and do take for granted, that he was as well informed as we are of the necessity of finding facts to support the elements of fraud as set out in *Conzelmann v. N. W. P. & D. Prod. Co.,* 1950, 190 Or 332, 350, 225 P2d 757.

■ We do not agree with the trial court in regard to the option to purchase the timber. The court found that defendant had misrepresented the amount of timber to the extent that he should be required to return the consideration paid to him by plaintiff for the option. In the first place, there is no evidence to support a finding that defendant knowingly misrepresented the amount of timber. His judgment was based upon estimates given him by a timber cruiser whose ability was recognized by all. Defendant was justified in relying on that estimate. He told plaintiff that was the basis of his belief in the amount of timber that was available. Secondly, there is no evidence that plaintiff relied on the representation. The very fact that he insisted on an option to provide him with ample time to complete a cruise belies the claim of reliance. The consideration for the option was not excessive so that it, in itself, could not be called overreaching.

The judgment will be modified to eliminate that part thereof. Otherwise the judgment is affirmed.